**SHI WANG WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5798–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

John Z. Zhang, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Benjamin H. Torrance, Kathy S. Marks, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Shi Wang Wang, through counsel, petitions for review of the BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Wang's motion to reopen. The BIA reasonably found that Wang's motion was untimely and that Wang failed to demonstrate changed circumstances in China that would excuse the late-filing of his motion. In his motion, Wang did not dispute that the motion was untimely under 8 C.F.R. § 1003.2(c)(2), nor could he have succeeded on such a claim, inasmuch as the motion was filed in August 2005, almost seven years after the September 1998 BIA decision from which the motion was filed. Rather, Wang claimed that his untimely filing should be excused under 8 C.F.R. § 1003.2(c)(3)(ii), because he had demonstrated changed circumstances in

**40**

China. It is not clear, however, to what changed circumstances his motion was referring. Although Wang contended that he suffered persecution in China as an active member of the anti-Chinese government movement, and that if he were sent back to China, he and his family would be persecuted because of his membership in that movement, he presented no evidence supporting this claim, and he fails to raise this claim in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (issues not raised on appeal are generally deemed waived). Wang also claimed that his wife had given birth to two U.S.-born children, and his return to China would "cause extreme hardship to his family, to his wife and to his daughter financially, socially and humanitarianly." To the degree that this claim might be construed as a claim of changed circumstances in China relating to the birth of Wang's U.S.-born children, Wang presented no evidence to suggest what those "changed circumstances" might be or how they might relate to his claim regarding his children. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Further, although Wang claims in his petition for review that "he will … suffer … forceful measures under the family planning policy because of his previous violation and the new violation of the Chinese family planning policy," not only did Wang not argue before the IJ or the BIA that he had violated China's family planning policies while in China, *see* 8 U.S.C. § 1252(d)(1) (exhaustion requirement); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (same), but, as with his motion to reopen, he presents no evidence of changed circumstances in China relating to the claim that he would suffer persecution based on his U.S. born children.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).